```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :      11 Cr. 907 (JSR)
        -v-                         :
                                    :
RAJAT K. GUPTA,                     :
                                    :
        Defendant.                  :
------------------------------------x
------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
                                    :
        Plaintiff,                  :
                                    :      11 Civ. 7566 (JSR)
        -v-                         :
                                    :      OPINION AND ORDER
                                    :
RAJAT K. GUPTA and                  :
RAJ RAJARATNAM,                     :
                                    :
        Defendants.                 :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

That separate government agencies having overlapping jurisdiction will cooperate in the factual investigation of the same alleged misconduct makes perfect sense; but that they can then disclaim such cooperation to avoid their respective discovery obligations makes no sense at all.

During the factual investigation that preceded the bringing of these two actions - a criminal insider trading case and a parallel civil enforcement action, both brought against defendant Rajat Gupta - Assistant United States Attorneys ("AUSAs") from the United States Attorney's Office for the Southern District of New York ("USAO") and an attorney from the United States Securities and Exchange Commission ("SEC") conducted joint interviews of 44 witnesses. By contrast, the SEC

separately conducted interviews of only two witnesses. At the joint interviews, the only person who took notes was an FBI agent assigned to the USAO. However, the SEC attorney who attended the joint interviews subsequently prepared memoranda summarizing the portions of the interview he deemed relevant, and, in one of the separate interviews, took contemporaneous written notes of the interview.

Based on these facts, defendant Gupta argues he is entitled to disclosure of some or all of the SEC memoranda and notes through two avenues. First, in a motion made in the criminal case, he argues that the USAO has a "Brady" obligation to review the SEC's memoranda and notes and turn over any exculpatory evidence. See Brady v. Maryland, 373 U.S. 83 (1963). Second, in a motion made in the parallel civil action (and joined by his co-defendant there, Rajaratnam), Gupta argues that he is entitled to production of the memoranda and notes under Fed. R. Civ. P. 26(b) as "matter relevant to the subject matter involved in the action." In response, the USAO argues that it has no Brady obligation to review the SEC's materials, and the SEC asserts, inter alia, that its memoranda and notes are entitled to work product protection pursuant to Fed. R. Civ. P. 26(b)(3). Notwithstanding these objections, however, the SEC, joined by the USAO, has offered to have the SEC review its memoranda and notes and provide the defendant with any "Brady" material. See Letter

2

Brief of the Government dated Feb. 23, 2012 ("Gov't 2/23/12 Br.") at 1; Letter Brief of the Securities and Exchange Commission dated Feb. 23, 2012 ("SEC 2/23/12 Br.") at 1. Despite this helpful suggestion, the Court, after full consideration, concludes that it is the USAO that must, on these facts, review the SEC's memoranda and interview notes and disclose to defendant any "Brady" material therein.

Starting with the USAO's Brady obligations, the Supreme Court has held that the prosecutor "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." Kyles v. Whitney, 514 U.S. 419, 437 (1995); accord United States v. Avellino, 136 F.3d 249, 255 (2d Cir. 1998). Where the USAO conducts a "joint investigation" with another state or federal agency, courts in this Circuit have held that the prosecutor's duty extends to reviewing the materials in the possession of that other agency for Brady evidence. See, e.g., United States v. Upton, 856 F. Supp. 727, 749-50 (E.D.N.Y. 1994) (summarizing case law). In the words of Judge Weinfeld, any argument that the Government's duty does not extend so far merely because another agency, not the USAO, is in actual possession of the documents created or obtained as part of the joint investigation is both "hypertechnical and unrealistic." See United States v. Shakur, 543 F. Supp. 1059, 1060 (S.D.N.Y. 1982).

3

Here, the USAO and the SEC jointly investigated defendant Gupta's alleged ties to the Galleon web of insider trading led by Rajaratnam. As noted, the USAO and the SEC jointly interviewed no fewer than 44 witnesses. At the interviews, questions were put to the respective witnesses by both the AUSAs and the SEC attorney. Although neither the AUSAs nor the SEC attorney took notes during the interviews,[1] the SEC attorney, within a day or two after each interview, prepared memoranda that summarized what he felt were the relevant parts of the interviews. In preparing these memoranda, he frequently consulted with the AUSAs. See Declaration of John P. Henderson dated Feb. 7, 2012 ("Henderson Decl.") ¶ 8.

In addition to these 44 joint interviews, the SEC interviewed only two witnesses outside the presence of the USAO or the FBI. At one of these interviews, the SEC attorney took contemporaneous notes; at the other, he again waited until after the interview to prepare a memorandum. At oral argument, at the Court's urging, the SEC agreed to turn over the memorandum and notes from these two interviews to the USAO, which in turn agreed to review them for Brady material and furnish such material to the defense. See Transcript of Oral Argument dated Feb. 16, 2012 at 12. Accordingly, the Court need not address whether these

---

[1] The FBI agent present did take notes, and the Government has previously represented that any Brady material in those notes has been disclosed to defendant Gupta.

4

notes and memorandum fall within the scope of any "joint investigation" conducted by the Government and the SEC. However, when it comes to the SEC's memoranda of the 44 joint interviews, the Government resists the same procedure. Although, as noted, the SEC did voluntarily agree to review its memoranda for "Brady" material and furnish any such material to Gupta, only the USAO is in a position to adequately evaluate whether anything in the SEC memoranda constitutes "Brady" material in the criminal case. Accordingly, the Court is obligated reach the legal issues here presented.

While the Government acknowledges the SEC and the USAO conducted "parallel" investigations, the Government asserts that they were not a "joint" investigation as that term is sometimes used in the case law. Letter Brief of the Government dated Feb. 1, 2012 ("Gov't 2/1/12 Br.") at 2. The Government argues that the USAO and the SEC did not work as part of the "same prosecutorial team," that the USAO and the SEC made "independent investigatory and charging decisions," that neither the USAO nor the SEC had control over the other's actions in how to proceed, and that the USAO conducted much of its investigation without the SEC's involvement through the use of wiretaps and grand jury subpoenas. See id. at 2-3. The Government contends that because the SEC was not an "arm of the prosecutor" or part of a "joint prosecution

5

team," the USAO's Brady obligation does not extend to documents in the SEC's possession. Gov't 2/23/12 Br. at 3-4.

But whether parallel investigations are also "joint" investigations must be evaluated in light of the disclosures being requested, and when it comes to Brady disclosures, the relevant context is one of fact-gathering, not charging determinations or otherwise. For Brady purposes, it is enough that the agencies are engaged in joint fact-gathering, even if they are making separate investigatory or charging decisions, because the purpose of Brady is to apprise the defendant of exculpatory evidence obtained during the fact-gathering that might not otherwise be available to the defendant.

While the language in the case law is not always consistent with this distinction, joint fact-gathering is part of what is often referred to as "joint investigation," triggering a Brady obligation, even if it is not a "joint prosecution." Factors that the Government here emphasizes, such as the independence of the two agencies' "charging decisions" and trial strategy, may show that this is not a "joint prosecution," but they have no bearing on joint collection of exculpatory information that Brady compels the prosecutor to disclose. For purposes of Brady, how the agencies use the facts discovered jointly is irrelevant, and the joint investigation need not result in a joint prosecution. And where the investigation is

6

conducted jointly, the Government is charged with reviewing all documents and information connected to that joint investigation and disclosing any exculpatory information.

A "joint investigation" also does not require a coterminous investigation, as the Government suggests when it argues that the SEC began its administrative investigation well before the Government began its criminal investigation. An investigation may be joint for some purposes; it may be independent for others. But where, as here, the overwhelming bulk of witness interviews were jointly conducted, there can be no doubt that exculpatory disclosures made during these joint interviews that are reflected in the notes or memoranda of either agency must be disclosed to the defense. While the USAO and the SEC argue that the SEC was merely "invited" to attend the interviews and that the SEC did not control who would be interviewed or when they would be invited to attend, this too is irrelevant to the constitutional duty to disclose any Brady material obtained through the joint conduct of the agencies. Indeed, to hold that these memoranda were not created as part of a joint factual investigation would make a mockery of the "joint investigation" standard as applied to the defendant's constitutional right to receive all information the Government has available to it that tends to show his innocence. See Shakur, 543 F. Supp. at 1060; see also United States v. Brooks, 966 F.2d

1500, 1503 (D.C. Cir. 1992) (holding prosecutor has duty to search files in government offices "closely aligned with the prosecution," particularly when files can be searched "without any difficulty").

This does not mean that all of the documents the SEC prepared and accumulated in its investigation of Gupta are part of the joint investigation. The scope of the joint investigation does not depend on how the government agencies define their respective investigations. But where the Government and another agency decide to investigate the facts of a case together - such as in these 44 witness interviews - the Government has an obligation to review the documents arising from those joint efforts to determine whether there is Brady material that must be disclosed.

The Government also argues that since it has an independent duty to turn over exculpatory information obtained in the 44 interviews, even if not reflected in notes or memoranda, it is unlikely that there will be any new Brady material in the SEC memoranda and notes that Gupta has not already received. See United States v. Rodriguez, 496 F.3d 221, 225-26 (2d Cir. 2006) (requiring prosecutors to turn over Brady material, regardless of whether it is memorialized in notes). Brady, however, requires more than assuming that no new exculpatory information will be found. There is no transcript that serves as a complete and

8

accurate record of what was said at these interviews. The SEC attorney may have chosen to emphasize other parts of the witness interviews in his memoranda that did not make it into the FBI agent's notes, or that the Government attorneys present simply forgot, and those may qualify as Brady material. Thus, the Court directs the Government to promptly review the SEC's memoranda for any additional Brady material, and if there be such, to disclose it to the defense.

Gupta's motion in the civil case, however, asks for more than just Brady disclosures, it asks for disclosure of the SEC attorney's notes and memoranda themselves, or at least all factual statements (as opposed to attorney opinions) set forth therein. The SEC rightly responds that these documents are classic work product under Fed. R. Civ. P. 26(b)(3), for the SEC attorney's written memoranda and notes were unquestionably "prepared in anticipation of litigation or for trial." See Upjohn Co. v. United States, 449 U.S. 383, 399 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal an attorney's mental process."). Indeed, it is well-established in this District that such SEC witness interview notes are protected work product. See, e.g., Standard, 2007 WL 1834709, at *4; S.E.C. v. Treadway, 229 F.R.D. 454, 455-56 (S.D.N.Y. 2005); S.E.C. v. Cavanagh, No. 98 Civ. 1818 (DLC), 1998 WL 132842

9

(S.D.N.Y. Mar. 23, 1998); S.E.C. v. Downe, No. 92 Civ. 4092 (PKL), 1994 WL 23141, at \*2 (S.D.N.Y. Jan. 27, 1994).

Work product protection can, however, be overcome if the defendant shows a "substantial need" for the documents, and he "cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Given the pendency of the criminal case against him, the Court questioned at the February 16 oral argument whether Gupta's interest in receiving Brady material to prepare for the criminal case is a "substantial need" that overcomes work product protection. Having reviewed the supplemental briefing the parties submitted on this issue, the Court concludes that it does.

The SEC argues that this District has "flatly rejected" the application of Brady in SEC civil enforcement actions. SEC v. Pentagon Capital Mgmt. PLC, 08 Civ. 3324 (RWS), 2010 U.S. Dist. LEXIS 120247, at \*3 (S.D.N.Y. Nov. 12, 2010). Pentagon Capital, however, notes only that in a normal civil case, the Government as plaintiff does not automatically have a Brady obligation. Id. (rejecting argument that civil "penalty" invokes due process rights and Brady). Further, Judge Sweet noted that he did not need to apply Brady to the material the defendants sought, as they had already received those materials through ordinary civil discovery. Id. at \*6; see also id. at \*6 n.2 (noting whether Brady applied to civil proceedings remained "open question").

10

Here, by contrast, Gupta finds himself defending not only the SEC enforcement action, but also a parallel criminal proceeding. The documents Gupta seeks were created in connection with a joint investigation between the SEC and the USAO, and it is for the purpose of preparing for the parallel criminal trial that Gupta has a substantial need for any Brady material. Cf. Pennsylvania v. Ritchie, 480 U.S. 39, 57-58 (1987) (holding Brady overcomes Pennsylvania statute treating as confidential child abuse information); United States v. Goldman, 439 F. Supp. 337, 350 (S.D.N.Y. 1977) (noting Brady trumps protection Fed. R. Crim. P. 16(a)(2) provides to internal government documents prepared in connection with investigation or prosecution).

Turning to the availability of the information from other sources, courts in this District have denied such motions in other SEC cases where the defendant has moved to compel production on the basis that the information was already available to defendants through other sources. See, e.g., Cavanagh, 1998 WL 132842, at *3-4 (finding no showing of substantial need where defense counsel had attended the SEC depositions of defendants who had testified and could speak with counsel for those who have not). Here, however, neither Gupta nor his counsel was present at any of these interviews, nor do they know who precisely was interviewed such that they can reach out to those witnesses or their counsel.

11

However, to the extent Gupta seeks disclosure of the notes and memoranda beyond any Brady material, he has not met the burden to overcome work product protection. And, since defendant Rajaratnam is not a party to the criminal case, his motion is denied in its entirety.

Accordingly, the Court finds the SEC's assertion of work product protection is overcome by Gupta's substantial need for Brady material, but only to the extent of any Brady material in the SEC's notes and memoranda, and not otherwise. Since, however, this Court has already decided that the Government has an obligation to review the memoranda from the joint interviews and then turn over any Brady information in the criminal case, and since the USAO also already voluntarily agreed to review the memorandum and notes from the SEC's two independent interviews and turn over any Brady material therein, this holding is only in the alternative.[2]

In sum, the SEC is hereby ordered to turn over to the USAO the SEC memoranda relating to the 44 joint witness interviews, and the USAO is hereby ordered to review the

---

[2] Additionally, since this conclusion leads to no obligation on the part of the SEC to produce any non-Brady material, the Court does not need to reach the SEC's assertion of law enforcement privilege, see Letter Brief of the Securities and Exchange Commission dated Feb. 7, 2012, at 1 n.1, which has not been briefed or argued to the Court. See In re City of New York, 607 F.3d 923, 944 (2d Cir. 2010).

12

memoranda and promptly disclose any Brady material to defendant Gupta.

    SO ORDERED.

_____<br>JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
        March 26, 2012