Gary P. Naftalis
Stephen M. Sinaiko
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for Rajat K. Gupta

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
UNITED STATES OF AMERICA                                       :
                                                               :   No. 11 Cr. 907 (JSR)
            - against -                                        :
                                                               :   ECF Case
RAJAT K. GUPTA,                                                :
                                                               :
                        Defendant.                             :
                                                               :
---------------------------------------------------------------x

MEMORANDUM OF LAW OF DEFENDANT RAJAT K. GUPTA IN
SUPPORT OF MOTION *IN LIMINE* NUMBER TWO:
EXCLUSION OF RECORDED PHONE CONVERSATIONS OF APRIL 1, 2008,
AUGUST 15, 2008, AND OCTOBER 3, 2008 RELATING TO
STOCKS AND CONSPIRACIES NOT CHARGED IN THIS CASE

KL3 2876887.1

Table of Contents

Page

Table of Authorities ...................................................................................................... ii

Preliminary Statement .................................................................................................... 1

Argument ........................................................................................................................ 2

    **THE COURT SHOULD EXCLUDE EVIDENCE OF OTHER PEOPLE'S CONDUCT OUTSIDE THE SCOPE OF THE INDICTMENT** ............................................................................................ 2

Conclusion ...................................................................................................................... 6

KL3 2876887.1

## Table of Authorities

**Page**

**CASES**

*United States v. Barret,*
  No. 10-CR-809, 2012 WL 171321 (E.D.N.Y. Jan. 20, 2012) ...................................................... 4

*United States v. Bertolotti,*
  529 F.2d 149 (2d Cir. 1975) ......................................................................................................... 4

*United States v. Branker,*
  395 F.2d 881 (2d Cir. 1968) ......................................................................................................... 6

*United States v. DeCicco,*
  435 F.2d 478 (2d Cir. 1970) ......................................................................................................... 4

*United States v. Johansen,*
  56 F.3d 347 (2d Cir. 1995) ........................................................................................................... 4

*United States v. Lyles,*
  593 F.2d 182 (2d Cir. 1979) ......................................................................................................... 4

*United States v. Polasek,*
  162 F.3d 878 (5th Cir. 1998) ........................................................................................................ 5

*United States v. Rajaratnam,*
  753 F. Supp. 2d 299 (S.D.N.Y. 2010) ......................................................................................... 5

*United States v. Rajaratnam,*
  802 F. Supp. 2d 491 (S.D.N.Y. 2011) ......................................................................................... 3

*United States v. Wassner,*
  141 F.R.D. 399 (S.D.N.Y. 1992) ................................................................................................. 5

**OTHER AUTHORITIES**

Fed. R. Evid. 402 ............................................................................................................................. 5

Fed. R. Evid. 403 ......................................................................................................................... 4, 5

Defendant Rajat K. Gupta respectfully submits this memorandum of law, the Omnibus Declaration of Stephen M. Sinaiko, Esq. dated May 7, 2012 and the accompanying exhibits ("Exh."), in support of his motion *in limine* number two to exclude from evidence recorded phone conversations of April 1, 2008, August 15, 2008, and October 3, 2008. As discussed below, these calls relate to stocks and conspiracies not charged in this case. While this motion is specifically directed to these three calls, the issue raised by this motion implicates at least two dozen other recorded phone conversations on the government's exhibit list.

Preliminary Statement

The superseding indictment charges Mr. Gupta with conspiracy and securities fraud based on the allegation that he tipped Raj Rajaratnam with material, non-public information which Mr. Gupta learned as a director of Goldman Sachs and Procter & Gamble. The government has further named certain persons as alleged co-conspirators. Yet, the government's exhibit list includes at least 26 recorded phone conversations that on their face relate to stocks and conspiracies other than the one charged in the indictment, and that mostly are between Rajaratnam and persons who are not alleged to be co-conspirators of Mr. Gupta. It appears that the government seeks to reprise the *Rajaratnam* trial in order to shore up its weak circumstantial case against Mr. Gupta, resorting to evidence about other companies and other alleged conspiracies.

The Court should exclude these conversations because they lack even remote relevance to the conspiracy charged in the indictment, and because they are extremely prejudicial, likely to focus the jury's attention on matters outside the indictment and likely to create the risk of a finding of guilt based on evidence of separate conspiracies that are distinct from the charged conspiracy.

KL3 2876887.1

Argument

## THE COURT SHOULD EXCLUDE EVIDENCE OF OTHER PEOPLE'S CONDUCT OUTSIDE THE SCOPE OF THE INDICTMENT

At least 26 of the recorded phone conversations on the government's exhibit list have nothing to do with Mr. Gupta, Goldman, P&G, or Smucker's.[1] The stocks discussed by persons other than Mr. Gupta include AMD, eBay, Spansion, Sprint and Clearwire. And, the phone conversations at issue, with the exception of several calls between Rajaratnam and Ian Horowitz, are between Rajaratnam and persons who are not alleged to be co-conspirators of Mr. Gupta.[2]

These conversations are not proof of the insider trading charges against Mr. Gupta, which relate only to Goldman, P&G, and Smucker's. At most, the calls might be evidence of separate and distinct conspiracies involving Rajaratnam and others with respect to the stocks discussed in the calls but not part of *this* case. Indeed, in *Rajaratnam*, many of these very calls were offered by the government as proof of the conspiracies alleged in *that* case.

For example, GX3 is an April 1, 2008 conversation between Rajaratnam and Ian Horowitz, a Galleon trader. (Exh. I).[3] In that call, Rajaratnam and Horowitz discussed several

---

[1] Smucker's acquired Folgers from P&G, a transaction mentioned in the indictment.

[2] The following conversations on the government's exhibit list contain no mention of Mr. Gupta, Goldman, P&G, or Smucker's: GX2, GX3, GX5, GX6, GX10, GX13, GX14, GX15, GX16, GX17, GX7506, GX7523, GX7524, GX7527, GX7554, GX7559, GX7562, GX7563, GX7565, GX7594, GX7616, GX7625, GX7641, GX7647, GX7648, and GX7651. Government Exhibits 2, 3, 10, 15, 16, and 17 are calls between Rajaratnam and Horowitz. The remainder of the calls are between Rajaratnam and persons who are not charged as co-conspirators.

[3] The recordings are included on the CD annexed as Exhibit A to the Sinaiko Declaration. Exhibits I, J, and K to the Sinaiko Declaration are the government's transcripts of the call, which Mr. Gupta is using for purposes of this motion. Mr. Gupta does not concede the accuracy of the

- 2 -

stocks, including Sprint and Clearwire. (*Id.* at 1). The government in *Rajaratnam* offered this call as evidence of a conspiracy between Rajaratnam and Rajiv Goel to "trade on the basis of information Goel had obtained regarding . . . Intel's investment in a mobile internet joint venture between Sprint and Clearwire." *United States v. Rajaratnam*, 802 F. Supp. 2d 491, 506 (S.D.N.Y. 2011).

Similarly, GX7554 is an August 15, 2008 conversation between Rajaratnam and Danielle Chiesi in which they discussed the CEO of AMD, and AMD's possible transaction with an entity based in Abu Dhabi. (Exh. J). In *Rajaratnam*, the government introduced this very call as proof of Rajaratnam's conspiracy with Anil Kumar to trade on inside information concerning AMD, as well his separately-charged conspiracy with Chiesi to trade in AMD. *Rajaratnam*, 802 F. Supp. 2d at 509, 511.

And, GX7647 is an October 3, 2008 conversation between Rajaratnam and Anil Kumar about possible layoffs at eBay. (Exh. K). The call, offered in evidence of a conspiracy between Rajaratnam and Kumar to trade in eBay stock, was GX647 in *Rajaratnam*, 802 F. Supp. 2d at 508-09.[4]

The April 1, 2008, August 15, 2008, and October 3, 2008 conversations are just three examples of the dozens of conversations on the government's exhibit list that have nothing to do with Mr. Gupta, Goldman, P&G, or Smucker's. There is no charge in the indictment that

---

government's transcriptions and reserves the right to offer his own transcriptions at trial if the calls are admitted.

[4] In *Rajaratnam*, GX7554 was introduced by the government as GX554 and GX7647 was introduced as GX647. It appears the government simply added the prefix "7" to this and a number of other *Rajaratnam* exhibits before recycling them for use in this case.

- 3 -

Mr. Gupta was involved in any way in any of the trading activity in the stocks discussed in the conversations. Thus, these calls, and the more than two dozen others like them on the government's exhibit list, are entirely irrelevant to this case, and hence inadmissible.

In *United States v. Bertolotti*, 529 F.2d 149, 157 (2d Cir. 1975), the Second Circuit reversed a conviction for conspiracy to distribute narcotics where, "[u]nder the guise of its single conspiracy theory, the Government subjected each of the seven appellants to voluminous testimony relating to unconnected crimes in which he took no part." The *Bertolotti* court also held that it was improper for the trial court to admit phone call recordings that did not mention the defendants and had "no relevance to any of the other transactions proved at trial." *Id.* at 158. *See also United States v. Johansen*, 56 F.3d 347, 352 (2d Cir. 1995) (finding prejudice based on "explicit invitation to the jury to consider the acts of one conspirator against another."); *United States v. Barret*, No. 10-CR-809, 2012 WL 171321, at *3 (E.D.N.Y. Jan. 20, 2012) (denying government motion to admit text messages where "the text messages could be construed as evidence of a separate and factually distinct conspiracy.").

Moreover, permitting the government to present evidence of potentially unlawful conduct by Rajaratnam and others, totally unrelated to Mr. Gupta, P&G, Goldman, or the charges in this case, will confuse the jury and invite an improper inference of "guilt by association." These conversations have no probative value, yet create a grave danger of jury confusion and unfair prejudice to Mr. Gupta. The Court therefore should exclude them under Fed. R. Evid. 403. *See, e.g., United States v. Lyles*, 593 F.2d 182, 195-96 (2d Cir. 1979) (admission of recordings concerning similar but distinct conspiracy "was an abuse of the trial court's discretion in evaluating evidence under Rule 403."); *United States v. DeCicco*, 435 F.2d

478, 483 (2d Cir. 1970) ("prior similar acts of misconduct performed by one person cannot be used to infer guilty intent of another person who is not shown to be in any way involved in the prior misconduct, unless it be under a 'birds of a feather' theory of justice. Guilt, however, cannot be inferred merely by association."); *United States v. Wassner*, 141 F.R.D. 399, 405 (S.D.N.Y. 1992) (denying government motion to admit evidence that defendant's alleged co-conspirators had committed offenses in which defendant had no involvement, reasoning that "[g]uilt by association is just what Fed. R. Evid. 403 was intended to exclude"); *see also, e.g., United States v. Polasek*, 162 F.3d 878, 884 n.2 (5th Cir. 1998) (reversing criminal conviction and holding that, under Fed. R. Evid. 402 and 403, trial court should not have permitted government to present evidence of offenses that defendant's business associates committed, but in which defendant was not involved).

The first superseding indictment in *Rajaratnam* charged seven conspiracy counts, and the government alleged that the case involved the stock of Atheros, Marvell, Intel, Polycom, Hilton, Google, Clearwire, PeopleSupport, AMD, ATI, eBay, IBM, Sun, Akami, and over 20 other companies. *See United States v. Rajaratnam*, 753 F. Supp. 2d 299, 302-03 (S.D.N.Y. 2010). Defendant Danielle Chiesi was charged with three conspiracies, each of which involved trading in AMD stock; Rajaratnam was charged with five conspiracies, three of which did *not* involve AMD. On defendants' motion, Judge Holwell severed the non-AMD charges, observing that Chiesi's "Rule 14 arguments are well taken with respect to [the non-AMD counts against Rajaratnam]. Those charges have nothing to do with Chiesi and involve dozens of different stocks and multiple other sources. Trying those charges with the others would create the risk that '[t]he jury is subjected to weeks of trial dealing with dozens of incidents of criminal misconduct which do not involve [Chiesi] in any way' such that 'mounting proof of guilt of one

-5-

is likely to affect another.'" *Id.* at 316 (quoting *United States v. Branker*, 395 F.2d 881, 888 (2d Cir. 1968)). If, in *Rajaratnam*, severance was required to avoid the prejudicial spillover impact on Chiesi of proof of Rajaratnam's other insider trading conspiracies, *a fortiori*, evidence of Rajaratnam's insider trading conspiracies distinct and separate from the conspiracy charged here should not be admitted against Mr. Gupta in the upcoming trial.

## Conclusion

For all of the foregoing reasons, Mr. Gupta respectfully requests that the Court exclude from evidence the recorded phone conversations of April 1, 2008, August 15, 2008, and October 3, 2008.

Dated: New York, New York  
       May 7, 2012

Respectfully submitted,

Kramer Levin Naftalis & Frankel LLP

By: _____/s/ Gary P. Naftalis_____  
      Gary P. Naftalis  
      Stephen M. Sinaiko

1177 Avenue of the Americas  
New York, New York 10036  
(212) 715-9100

Attorneys for Rajat K. Gupta