Gary P. Naftalis
Michael S. Oberman
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for Rajat K. Gupta

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
UNITED STATES OF AMERICA                                     :
                                                             :   No. 11 Cr. 907 (JSR)
            - against -                                      :
                                                             :   ECF Case
RAJAT K. GUPTA,                                              :
                                                             :
                        Defendant.                           :
                                                             :
------------------------------------------------------------ x

MEMORANDUM OF LAW OF DEFENDANT RAJAT K. GUPTA IN
OPPOSITION TO GOVERNMENT'S SECOND MOTION *IN LIMINE*

KL3 2877828.1

## Table of Contents

Page

Table of Authorities .................................................................................................................. ii

Preliminary Statement ............................................................................................................... 1

Argument .................................................................................................................................. 2

    I.     The Government's Motion to Compel Should Be Denied ................................... 2

    II.    The Government's Motion to Preclude Is Premature and Overbroad ................. 5

          A.    Mr. Gupta Should Not Be Precluded From Presenting Evidence
                Concerning Rajaratnam and Their Relationship .......................................... 6

          B.    The Government's Motion Seeks to Exclude Relevant Evidence ................ 7

Conclusion ................................................................................................................................ 9

Defendant Rajat K. Gupta respectfully submits this memorandum in opposition to the government's second motion *in limine*.

### Preliminary Statement

Point I of the government's memorandum—although styled as a motion *in limine*—does not ask the Court to exclude (or even admit) specific evidence in advance of the upcoming trial. Instead, Point I is a motion to compel production of privileged documents, unsupported by any rule or by any need. This motion rests on a remote possibility of a waiver of the attorney-client privilege at trial with respect to a possible civil lawsuit by Mr. Gupta against Raj Rajaratnam arising from the Voyager investment. The government asks the Court to order Mr. Gupta to turn over *now* to a "walled-off" AUSA privileged communications between Mr. Gupta and the lawyers with whom he discussed the contemplated action. Yet, it is undisputed that there has been no waiver so far, and it is premature to deal with a waiver that might not occur at trial. The government's proposal to entrust privileged documents to a "walled-off" AUSA is totally unwarranted and unnecessary in this case, and is—more generally—a disfavored practice.

Point II of the government's memorandum comes closer to an *in limine* motion, but is not of the traditional kind; it is not framed around specific documents or testimony likely to be offered by Mr. Gupta at trial. Instead, the government sets out general topics that it asks be excluded from the trial—penalties faced by the defendant; prosecutorial investigative methods; and jury nullification. But the government asks the Court to exclude subjects having nothing to do with traditional concepts of jury nullification but that are plainly relevant for permissible purposes. In doing so, the government attempts to hamstring the defense. As clearly shown in the briefing of the government's first *in limine* motion (addressing the September 24 and October

24, 2008 calls), the government's case rests entirely on circumstantial evidence. The government's second motion effectively asks the Court to block relevant evidence by the defense that will give critical context to those circumstances and to permit the government, instead, to present an incomplete and inaccurate picture of Mr. Gupta and of the events. The government reaches to explain the requested broad relief with a worry that the defense might make improper arguments at trial using this evidence. Simply put, the government provides not a single reason for why the Court should anticipate that defense counsel will try to raise improper arguments as opposed to responding vigorously and properly to the government's arguments. The government therefore is left with no basis for the requested relief.

## Argument

### I. The Government's Motion to Compel Should Be Denied

The government seeks production of concededly privileged communications "in the event" that Mr. Gupta "seeks affirmatively to rely on those communications, including factual assertions based in part on those communications, in support of his defense at trial." (Gov't Mem. at 1). Mr. Gupta has not yet waived the attorney-client privilege. Rather, the government speculates that Mr. Gupta might, at trial, affirmatively rely on the substance of communications with counsel as part of his defense. This is pure speculation.

Even if at trial Mr. Gupta "seek[s] to introduce evidence, and/or suggest in some way, that Gupta and/or his close friend, advisor, and business partner, Gregory Orman, consulted an attorney with respect to Voyager (including the redemption taken by Rajaratnam) and discussed with that attorney the possibility of filing a lawsuit against Rajaratnam during the charged period of the conspiracy" (Gov't Mem. at 2), that would not result in a waiver of the

privilege over the substance of communications between Mr. Gupta (or his agents) and his counsel. The government ignores the pivotal distinction between asking about (and thereby putting in issue) the *substance* of a privileged communication and merely asking about the *occurrence* of a communication.

Fortunately, the courts have explained this distinction. *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991), a case cited (yet under-appreciated) by the government (Gov't Mem. at 3), teaches that if the defendant in a securities fraud action introduces evidence that he believed his actions were lawful *and* that belief came from communications with counsel, then the privilege is waived as to those communications. The court stated that "Bilzerian's testimony that he thought his actions were legal would have put his knowledge of the law and the basis for his understanding of what the law required *in issue*. His conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent." *Bilzerian*, 926 F.2d at 1292 (emphasis added). *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465 (S.D.N.Y. 1993), also cited by the government (Gov't Mem. at 3), makes the same point.

Here, Mr. Gupta does not intend to assert a "reliance on counsel" argument. Rather, he might offer evidence that the Voyager investment resulted in a dispute between Mr. Gupta and Rajaratnam, leading Mr. Gupta to discuss with attorneys possible legal claims against Rajaratnam. The government is not questioning in its motion the relevance of such evidence, which bears on Mr. Gupta's state of mind and attitude towards Rajaratnam. But the government seeks to force Mr. Gupta to turn over now privileged documents reflecting his communications with counsel even before any such defense has been offered at trial.

This extraordinary request should be denied. The potential testimony—if offered—would *not* cross the line and effect a waiver of privilege, because there is no need to put in issue the substance of those communications with counsel. *See Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 467 (2d Cir. 1989) ("Though the statements made to the attorney for the purpose of seeking legal advice and the advice given by the attorney are normally protected by the privilege, the fact and date of the consultation would not be privileged."). As the Second Circuit specifically observed in *Ramseur*, it is permissible for a jury to make inferences based on proof as to the timing of communications with counsel, without evidence of the communications themselves. *Id.* Mr. Gupta could easily both prove his point and preserve privilege. *See Equal Employment Opportunity Comm'n v. Johnson & Higgins, Inc.*, 1998 WL 778369, at *13 (S.D.N.Y. Nov. 6, 1998) ("Nor did he waive the attorney-client privilege by establishing a time line. Merely establishing a time line alone cannot waive a privilege because the opposing party normally is allowed to discovery when even privileged events took place.").[1]

The government's proposal to invade the attorney-client privilege now before any waiver and require the delivery of the privileged documents to the U.S. Attorney's Office before there has been any waiver is totally unjustified and apparently unprecedented. Since there has

---

[1] The government does not mention that it conducted an interview of one of the attorneys at the law firm representing Mr. Gupta on the Voyager dispute (John Marvin) after obtaining by subpoena Mr. Marvin's time records. The government inquired about the fact of Mr. Gupta's meetings with Mr. Marvin, who was present, and the general subject matter of those meetings. The government apparently recognizes that the privilege was not waived by disclosure of this information. *See United States v. Zuckerman*, 88 F. Supp. 2d 9, 15 (E.D.N.Y. 2000) ("Disclosure of a general description of the subject matter of a privileged communication does not operate as a waiver of the privilege; in fact, a description of the subject matter of a privileged document is usually required in order to preserve the privilege."). In addition, Mr. Gupta's present counsel participated in the interview to assert privilege as appropriate, and the government showed that facts about the occurrence of attorney-client communications can be elicited without breaching the subject of those communications.

been no waiver, the government has no right whatever to have the privileged documents delivered to the U.S. Attorney's Office. And the government has completely failed to justify its request for a turn-over of privileged documents based on the possibility of a future waiver—a possibility that might never occur. The privileged documents in question are a manageable amount that could easily be turned over at trial should that ever be necessary. The government offers no reason why responsible defense counsel could not be trusted to do so.

Nor has the government shown any advantage in putting the documents in the possession of a "walled off" AUSA, who—by definition—would have to be isolated from the AUSAs trying the case. The government cites no authority in support of its proposal, while there is contrary authority raising caution flags. *See In re Seizure of All Funds on Deposit in Accounts in the Names of National Electronics, Inc. at JP Morgan Chase Bank*, 2005 WL 2174052, at *3 (S.D.N.Y. Sept. 6, 2005) ("This Court agrees that reliance on review by a 'wall' Assistant in the context of a criminal prosecution should be avoided when possible.") (Baer, J.), quoting *In re Search Warrant for Law Offices Executed on March 19, 1992*, 153 F.R.D. 55, 59 (S.D.N.Y. 1994) (Brieant, J.) and citing *United States v. Stewart*, 02-CR-396, 2002 WL 1300059 (S.D.N.Y. June 11, 2002) (Koeltl, J.).

II.  The Government's Motion to Preclude Is Premature and Overbroad

The government asks the Court to preclude "certain defense evidence, questioning, comments in opening, and argument" (Gov't Mem. at 6) about (a) Mr. Gupta's plans to file a civil lawsuit against Rajaratnam; (b) the penalties faced by the defendant; (c) prosecutorial motives, conduct, and investigative methods; and (d) jury nullification (under which it lists various subjects not usually identified with the definition of jury nullification).

- 5 -

(Gov't Mem. at 10). These items are mostly listed without mention of the specific evidence to be excluded and mostly without any authority for the broad exclusions being sought. There is no cause for the requested relief. Defense counsel is not going to argue that the jury should nullify and not render a verdict based on the law and the evidence, nor will we argue—for example—that the jury should acquit because the government conducted wiretaps. At this stage, and on the current record, Mr. Gupta should neither be precluded from introducing evidence on any relevant subjects or from making any proper arguments to refute the government.

### A. Mr. Gupta Should Not Be Precluded From Presenting Evidence Concerning Rajaratnam and Their Relationship

The first prong of Point II of the government's motion seeks to exclude evidence of the possibility of a Voyager lawsuit, but it illustrates what a motion *in limine* should *not* be. It asks the Court to draw an evidentiary line without an evidentiary context. The government has raised an issue that cannot be resolved until such time at the trial when the offer of a particular exhibit or the start of a line of questioning of a witness frames a clear issue.

The government's memorandum confirms the point. It tries to distinguish between evidence of action during the charged period of the conspiracy, as to which relevance is not challenged, and evidence of action after the charged period of the conspiracy, as to which relevance is challenged. Yet the government must concede that "evidence following the charged conspiracy . . . that related back to the period of the charged conspiracy or shed light on the conduct during the charged conspiracy might be relevant." (Gov't Mem. at 6, n.4). This shows at least one way in which the actual trial evidence will frame the issue to be decided—should it ever, in fact, arise.

KL3 2877828.1

B.  The Government's Motion Seeks to Exclude Relevant Evidence

The government's list of subjects for preclusion draws in many that will be relevant at trial. Relevant evidence should not be excluded to accommodate unjustified concerns in the abstract about impermissible arguments that are merely feared. Especially here, when the government will present a case based solely on circumstantial evidence, the Court should hesitate to rule out in advance subjects that seem quite certain to be relevant on those very circumstances.

"Jury nullification" is not an evidentiary principle. It is a legal argument, but one Mr. Gupta has no intention of making (as is evident from his proposed jury instructions). The government's concern that certain evidence, admissible for proper purposes under the Federal Rules of Evidence, might cause the jury to acquit Mr. Gupta is not a proper basis for exclusion. When the jury acquits a defendant by applying the Court's instructions of law to admissible evidence, it has performed its function properly and has not engaged in "nullification."

Without citing any authority, the government asks the Court to exclude evidence of Mr. Gupta's charitable activities. (Gov't Mem. at 10). But Mr. Gupta's charitable activities are a large component of his background and a critical element of who he is as a person; during the relevant time, he devoted in the neighborhood of half his time to charitable and humanitarian causes around the world, including helping to eradicate AIDS, tuberculosis, and malaria. It is "customary for the defendant to introduce evidence concerning his background, such as information about his education and employment." 1 Federal Trial Handbook Criminal § 28:22 (4th ed. 2011) (citing *United States v. Blackwell*, 853 F.2d 86 (2d Cir. 1988)). In *Blackwell*, the Second Circuit held it proper to present evidence "about the defendant as a person, and his experience in life." *Id.* at 88. The relevance of such background evidence is made clear by the

KL3 2877828.1

Advisory Committee notes to Rule 401, quoted by the Second Circuit in *Blackwell*: "Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding." *Id.* at 88.

There is no reason to rule out in this case background evidence of a kind that is universally admitted. The defense has the right to inform the jury of who Mr. Gupta is, including his education, employment, and charitable activities. The government should not be permitted to attempt to define Mr. Gupta to the jury in a way favorable to the government's circumstantial case by creating a false and incomplete picture of who he really is. And beyond its admissibility as background evidence, Mr. Gupta's charitable work during the charged conspiracy period is likely to be relevant to explain Mr. Gupta's actions, such as describing where he was and what he was doing at certain times, and also relevant on the issues of motive and intent to counter the indictment's allegation that he was motivated to engage in criminal conduct by financial considerations. There is absolutely no ground for excluding such relevant and important evidence, now or at trial. *See United States v. Fazio*, 2012 WL 1203943, at *5 (S.D.N.Y. Apr. 11, 2012) (denying as premature government's motion *in limine* to preclude evidence of defendant's charitable deeds, subject to development of evidence at trial).

KL3 2877828.1

## Conclusion

For all of the foregoing reasons, Mr. Gupta respectfully requests that the Court deny the government's second motion in all respects.

Dated: New York, New York  
May 14, 2012

Respectfully submitted,

Kramer Levin Naftalis & Frankel LLP

By: _____/s/ Gary P. Naftalis_____  
Gary P. Naftalis  
Michael S. Oberman

1177 Avenue of the Americas  
New York, New York  10036  
(212) 715-9100

*Attorneys for Rajat K. Gupta*