UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                      :

UNITED STATES OF AMERICA        :

      -v.-                                  :        S1 11 Cr. 907 (JSR)

RAJAT K. GUPTA,                :

        Defendant.              :

------------------------------------------------------------x

### GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION *IN LIMINE* NUMBER TWO SEEKING EXCLUSION OF CERTAIN RECORDED CALLS

The Government respectfully submits this memorandum of law in opposition to defendant Rajat K. Gupta's second motion *in limine*, in which the defendant seeks to exclude, pursuant to Federal Rule of Evidence 403, recorded telephone conversations relating to stocks other than those about which the defendant allegedly provided inside information. Although the defendant's motion seeks to exclude three such calls, the defendant contends that a number of other calls marked as exhibits by the Government are also implicated by the instant motion.[1] However, the defendant's argument rests on the faulty premise that conversations relating to stocks other than Goldman Sachs, Procter & Gamble, or J.M. Smucker are necessarily irrelevant to the charges in this case. In fact, the conversations the defendant seeks to exclude are relevant, would serve a proper purpose, and create no risk of unfair prejudice to the defendant. Accordingly, the Court should deny the defendant's motion.

---

[1] The Government does not expect to introduce at trial all of the calls marked as exhibits. Because the defense indicated that it might seek to preclude the Government from offering exhibits not included in the Government's initial exhibit list, the Government included in its exhibit list certain calls that it is unlikely to offer, but that could become necessary to respond to arguments the defendant makes at trial.

First, as an initial matter, several of the calls identified by the defendant will not be offered at trial unless the Government is required to establish at trial the admissibility of Rajaratnam's recorded statements on September 24, 2008 and October 24, 2008 (the "September 24 and October 24 Statements") that are the subject of a prior *in limine* motion filed by the Government. Ironically, while seeking in the instant motion to exclude these calls at trial because of the supposed risk of prejudice, the defendant has at the same time vigorously opposed the Government's application that the Court rule pretrial on the admissibility of the September 24 and October 24 Statements, which would obviate the need for the Government to introduce most of these calls at trial. The defendant has asked the Court to defer ruling on the admissibility of the September 24 and October 24 Statements until trial, but is now seeking to preclude the Government from offering the very evidence on which the Government might have to rely depending on the Court's rulings relating to the September 24 and October 24 Statements.

Indeed, the defendant's list of calls implicated by the instant motion includes virtually all of the calls the Government cited in its motion *in limine* in connection with seeking to admit the September 24 and October 24 Statements, although the Government believes that the Court could find the September 24 and October 24 Statements admissible without evaluating these additional calls. The Government cited these additional calls as evidence that (1) Ian Horowitz played a critical role in helping Rajaratnam execute his insider trading schemes, (2) Rajaratnam was trustworthy in wiretapped conversations with his close confidantes and co-conspirators at Galleon, including Horowitz, and (3) Rajaratnam's references to "AMD" and "IBM" during one of the wiretapped calls that is the subject of the Government's *in limime* motion were references to other stocks for which Rajaratnam had sources of illegal inside

information. The corroboration from these additional calls supplemented the extensive evidence establishing that Rajaratnam's statements to Horowitz were in furtherance of the conspiracy, *see* Fed. R. Evid. 801(d)(2)(E), and that corroborating circumstances clearly demonstrated the trustworthiness of Rajaratnam's statements against interest, *see* Fed. R. Evid. 804(b)(2). Unless necessary to establish those factual predicates at trial, the Government does not expect to introduce most (and perhaps all) of these calls at trial (depending, of course, on what arguments the defendant makes at trial).

Second, several of the calls the defendant identifies, including the April 1, 2008 call he specifically seeks to exclude, are conversations between Rajaratnam and Horowitz, two alleged co-conspirators of the defendant. Although the conversations do not relate specifically to the stocks charged in this case, they are probative of the nature of the relationship between Horowitz and Rajaratnam. Among other things, these calls demonstrate the relationship of trust between these two co-conspirators. Evidence of other acts – even if dissimilar to the charged conduct – is routinely admitted to show the relationship of trust among co-conspirators, even where a defendant himself participated in those other acts and the risk of prejudice is far greater than it is here. *See, e.g., United States v. Mercado*, 573 F.3d 138, 141 (2d Cir.2009); *United States v. Williams*, 205 F.3d 23, 33 (2d Cir. 2000); *United States v. Pascarella*, 84 F.3d 61, 73 (2d Cir.1996).

Third, the Government expects Anil Kumar, a cooperating witness, to testify at trial, and plans to elicit testimony from Kumar about his own criminal conduct with Rajaratnam for a number of permissible reasons. *See*, *e.g.*, *United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991) ("[S]ince the witnesses were participants in the events about which they testified, it

was appropriate for the prosecution to elicit testimony during direct examination that exposed details damaging to their credibility."). If the defendant challenges the veracity of that testimony, the Government should be permitted to introduce evidence of certain calls between Kumar and Rajaratnam, including the October 3, 2008 call the defendant seeks to exclude, in order to corroborate Kumar's testimony. Because the October 3, 2008 call provides corroboration of Kumar's expected testimony, it is relevant to the charges whether or not the call mentions Goldman Sachs, P&G, or Smucker's. However, the Government does not intend to introduce this call if the defense does not challenge Kumar's testimony.

Fourth, should the Court admit one of the September 24, 2008 wiretap calls and should the defense attack the Government's argument that the conversation between Rajaratnam and Horowitz related to insider trading in IBM stock, the Government would then have to weigh whether to introduce the August 15, 2008 call between Danielle Chiesi and Rajaratnam, which the defendant seeks to exclude, in order to respond to the defense arguments. *See United States v. Daly*, 842 F.2d 1380, 1388 (2d Cir. 1988) ("Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed.").

Fifth, as another example of the relevancy of calls about other stocks, one such call demonstrates the use of "cover emails" by Rajaratnam and other co-conspirators at Galleon to disguise the fact that their trades were based on inside information. In particular, during the call, Rajaratnam shared inside information with two other Galleon employees and then directed them to create a cover email to document a false motivation for a securities trade. Although the particular stock mentioned in that call is not one of the stocks charged in this case, the call is

4

relevant because the Government expects to introduce evidence that Rajaratnam and other co-conspirators used the same sort of "cover emails" in connection with trades that are part of the charges against Gupta. And the Government may need to offer evidence as to why there is no documentation or written communications at Galleon of Gupta's tips to Rajaratnam and others at Galleon. The defense likely will argue that certain emails relating to trades made in furtherance of the charged conspiracy are not "cover emails," but rather, reflect the true motivation for the trades. Thus, the recorded call demonstrating Rajaratnam's use of cover emails not only is relevant to the charges against Gupta, but has significant probative value. *Cf. Daly,* 842 F.2d at 1388 (background evidence admissible to "furnish an explanation of the understanding or intent with which certain acts were performed").

Thus, the premise of the defendant's motion – that recorded calls about stocks other than Goldman Sachs, P&G, or Smucker's are irrelevant to the charges in this case – is inaccurate. Relying on this faulty characterization of the calls, the defendant cites inapposite cases addressing, for example, evidence that has "no relevance to any of the other transactions proved at trial." *United States v. Bertolotti*, 529 F.2d 149, 158 (2d Cir. 1975). For the reasons described above, that is not the case here. Moreover, the supposed prejudice about which the defendant complains is greatly exaggerated. The calls at issue are limited in number and scope; the Government would only seek to play relevant portions at trial, if necessary; they do not involve any suggestion of participation by the defendant; and they do not involve allegations that are sensational or otherwise unfairly prejudicial. Moreover, if necessary, the Court could of course provide an appropriate limiting instruction..

**CONCLUSION**

For the foregoing reasons, the Government respectfully submits defendant Rajat K. Gupta's motion *in limine* number two should be denied.

Dated:      New York, New York
            May 14, 2012

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney


                                    By:  s/ Richard Tarlowe
                                            REED BRODSKY
                                            RICHARD TARLOWE
                                            CHRISTINE MAGDO
                                            Assistant United States Attorneys
                                            Telephone: (212) 637-2492 / 2330