UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
UNITED STATES OF AMERICA      :
     :
        -v-      :      S1 11 Cr. 907 (JSR)
     :
RAJAT K. GUPTA,      :
     :
         Defendant.      :
----------------------------------------------------x

## THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE TO THE JURY

PREET BHARARA
United States Attorney for the
Southern District of New York

REED BRODSKY
RICHARD TARLOWE
– Of Counsel –

INTRODUCTION

The Government respectfully submits its proposed requests to charge to the jury. The Government started with Your Honor's jury charges in *United States* v. *Fleishman*, 11 Cri. 32 (JSR) (S.D.N.Y. Sept. 19, 2011), and *United States* v. *Jiau*, 11 Cr. 161 (JSR) (S.D.N.Y. June 17, 2011). The Government has indicated where it duplicated Your Honor's instructions in *Fleishman* and *Jiau* and where it adapted Your Honor's prior instructions to fit the facts of this case. The Government has also italicized the statements it added to Your Honor's prior instructions with citations to supporting authorities in footnotes.

<u>TABLE OF CONTENTS</u>

## I.  GENERAL INSTRUCTIONS

1.     Duty of the Court

2.     Duty of the Jury

3.     Duty of Impartiality

4.     Burden of Proof

5.     Reasonable Doubt

6.     Direct and Circumstantial Evidence

7.     Witness Credibility

8.     A Defendant's Right Not to Testify or, alternatively, Defendant's Decision to Testify

## II.  THE CHARGES

9.     Counts Two through Six: Securities Fraud

10.     Count One: Conspiracy to Commit Securities Fraud

11.     Aiding And Abetting

12.     Proof of Profit Not Necessary

## III.  CONCLUDING INSTRUCTIONS

13.     Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with Court

14.     Verdict; Need for Unanimity; Duty to Consult

I.  GENERAL INSTRUCTIONS

INSTRUCTION NO. 1

*Duty of the Court*

We are now approaching the most important part of this case, your deliberations.  You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.  As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference when you begin your deliberations.  In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

Authority:       From Your Honor's charge in *United States* v. *Fleishman*, 11 Cri. 32 (JSR)
(S.D.N.Y. Sept. 19, 2011) (hereinafter "*Fleishman*") (duplicated exactly).

INSTRUCTION NO. 2

*Duty of the Jury*

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you at the start of your deliberations all the exhibits received in evidence, along with equipment to play the recordings in evidence if you so desire. To aid your review of the recordings we will also send you the transcripts agreed to by counsel, but please remember that the transcripts are not themselves evidence but only an aid to understanding the recordings in evidence. As for testimony, if you need to review particular items of testimony we can also arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Likewise, you may not consider anything you heard

about the contents of any exhibit that was <u>not</u> received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence.  For example, there is no legal requirement that the Government prove its case through a particular means or by use of a particular law enforcement technique.  Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial. *Under our Constitution, both sides in a criminal case have a legally enforceable power to compel the attendance of a witness to testify, if either side thinks that that witness has anything to contribute.*[1]  While, as you know, the burden of proof remains solely on the Government, the question for you is whether the proof that <u>was</u> presented meets or fails to meet that burden.  *Your focus, therefore, should be entirely on assessing the evidence that was presented here for your consideration.*[2]

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All such questions of law must be decided by me.  You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

---

[1]    From Your Honor's charge in *United States* v. *Jiau*, 11 Cr. 161 (JSR) (S.D.N.Y. June 17, 2011) (hereinafter "*Jiau*"), at Trial Tr. 1548, 1575-76) (italicized statement duplicated from jury instruction in *Jiau*).

[2]    From Your Honor's charge in *Jiau*, at Trial Tr. 1576 (italicized statement duplicated from jury instruction in *Jiau*).

4

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

Authority:    Adapted from Your Honor's charge in *Fleishman* (duplicated exactly except for the word "tapes" in paragraph 2 was changed to "recordings" and italicized statements).

INSTRUCTION NO. 3

*Duty of Impartiality*

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and therefore it should not in any way enter into or influence your deliberations. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or fear, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

Authority:     From Your Honor's charge in *Fleishman* (duplicated exactly).

INSTRUCTION NO. 4

*Presumption of Innocence and Burden of Proof*

The defendant here—Rajat K. Gupta—is charged with six crimes or "counts" as they are called:  conspiracy to commit securities fraud (Count One) and securities fraud (Counts Two through Six).   I will instruct you shortly about the elements of each of these charges.  Please bear in mind, however, that the charges are not themselves evidence of anything.

The defendant has pled not guilty.  To prevail against the defendant on a particular charge, the Government must prove each essential element of the charge beyond a reasonable doubt.  This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, the defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proven that he is guilty of a given charge beyond a reasonable doubt.

Authority:     Adapted from Your Honor's charge in *Fleishman* (duplicated exactly except for adaptation in paragraph 1 to this case).

INSTRUCTION NO. 5

*Reasonable Doubt*

Since, in order to convict a defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is <u>not</u> caprice or whim. It is <u>not</u> speculation or suspicion. It is <u>not</u> an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a given charge, you must find him not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a given charge, you should not hesitate to find the defendant guilty of that charge.

Authority:     From Your Honor's charge in *Fleishman* (duplicated exactly).

INSTRUCTION NO. 6

*Direct and Circumstantial Evidence*

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat.  Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.  Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.  *Many material facts, such as state of mind, are rarely easily proven by direct evidence.  Usually such facts are established by circumstantial evidence and reasonable inferences you draw.*[3]

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you can consider either or both, and can

---

[3]     From the charge of the Hon. Richard J. Sullivan in *United States* v. *Zvi Goffer et al.*, S1 10 Cr. 56 (RJS) (S.D.N.Y. Oct. 4, 2010) ("*Zvi Goffer*").

give them such weight as you conclude is warranted.

*You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.  Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.*[4]

Authority:    From Your Honor's charge in *Fleishman* (duplicated exactly except for
italicized statements).

---

[4]        From Judge Sullivan's charge in *Zvi Goffer*.

INSTRUCTION NO. 7

*Witness Credibility*

It must be clear to you by now that counsel for the Government and counsel for the defendants are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

11

In this regard, you have heard testimony from three witnesses—Michael Cardillo, Anil Kumar, and Adam Smith—who testified that they have pled guilty to insider trading charges and have entered into agreements to cooperate with the Government prior to sentence. The law permits the use of testimony from cooperating witnesses; indeed, such testimony, if found truthful by you, may be sufficient in itself to warrant conviction if it convinces you of the defendant's guilt beyond a reasonable doubt.

*Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit to participating in criminal activity, including the alleged crimes charged in the Indictment. The Government must take its witnesses as it finds them, and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect or prosecute wrongdoers.[5]*

However, the law requires that the testimony and motives of a cooperating witness be scrutinized with particular care and caution. *The fact that a witness is an accomplice can be considered by you as bearing upon his credibility. It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he is incapable of giving a truthful version of what happened.[6]* After carefully scrutinizing the testimony of a cooperating witness and taking account of its special features, you may give it as little or as much weight as you deem appropriate.

---

[5]    From the charge of Judge Sullivan in *Zvi Goffer*.

[6]    From the charge of Judge Sullivan in *Zvi Goffer*; *see United States* v. *Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted)).

*I caution you that it is of no concern of yours why the Government made an agreement with the witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you. If you find that the cooperating witness's testimony was false, you should reject it. However, if after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly. You are to draw no conclusions or inferences of any kind about the guilty of the defendant on trial merely from the fact that a prosecution witness pleaded guilty to similar charges.*[7] *The decision of a witness to plead guilty is a personal decision that a witness makes about that witness's own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant.*[8]

Going back to witnesses generally, you should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, as to all witnesses, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case. (While you may also consider whether the witness met in advance with any of the lawyers to discuss the witness's testimony, please be aware that under our system of justice, such witness preparation is routine and lawful. *Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.*)[9]

---

[7]     From the charge of Judge Sullivan in *Zvi Goffer*.

[8]     From the charge of Judge Sullivan in *Zvi Goffer*; *see also* Sand, Instr. 7-10; *United States* v. *Ramirez*, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give charge if requested, unless there is no significant prejudice to defendant).

[9]     From the charge of Judge Sullivan in *Zvi Goffer*.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Authority:     From Your Honor's charge in *Fleishman* (duplicated exactly except for adaptation in paragraph 4 to this case and italicized statements).

14

INSTRUCTION NO. 8

*Defendant's Right Not to Testify*

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Therefore, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.

Authority:     From Your Honor's charge in *Fleishman* (duplicated exactly).

*Defendant's Decision To Testify*

The defendant in a criminal case has an absolute right under our Constitution not to testify. But, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant, Rajat K. Gupta, decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard his testimony simply because he is charged as the defendant in this case. The defendant's testimony does not shift the burden of proof to the defendant. The burden remains at all times on the Government to prove the elements of the charges beyond a reasonable doubt.

Authority:     Adapted from Judge Sullivan's proposed standard charge in *Zvi Goffer*.

## II.  THE CHARGES

## INSTRUCTION NO. 9

### Counts Two Through Six: Securities Fraud

With these preliminary instructions in mind, let us now turn to the specific charges against the defendant.

Counts Two through Six each charge the defendant with securities fraud.

Count Two: Mr. Gupta is charged in connection with the purchase of at least approximately 350,000 shares of Goldman Sachs common stock on March 12, 2007.

Count Three: Mr. Gupta is charged in connection with the purchase of approximately 150,000 shares of Goldman Sachs common stock on September 23, 2008.

Count Four: Mr. Gupta is charged in connection with the purchase of approximately 67,200 shares of Goldman Sachs common stock on September 23, 2008.

Count Five: Mr. Gupta is charged in connection with the sale of approximately 150,000 shares of Goldman Sachs common stock on October 24, 2008.

Count Six: Mr. Gupta is charged in connection with the short sale of approximately 180,000 shares of Procter & Gamble common stock on January 29, 2009.

In order to meet its burden of proof with respect to each count, the Government must prove beyond a reasonable doubt each of the following three elements:

First, on the date set forth in the count, Mr. Gupta along with Rajaratnam or others at Galleon engaged in an insider trading scheme in connection with the purchase or sale of the stock of the public companies Goldman Sachs or Procter & Gamble;[10]

---

[10]     Chiarella v. United States, 445 U.S. 222, 230 (1980); Dirks v. S.E.C., 463 U.S. 646, 654 (1983); S.E.C. v. Ballesteros Franco, 253 F.Supp.2d 720, 726 (S.D.N.Y.2003); S.E.C. v. Gonzalez de Castilla, 145 F.Supp.2d 402, 412 (S.D.N.Y.2001).

Second, when Mr. Gupta engaged in this scheme, Mr. Gupta acted willfully, knowingly, and with the intent to defraud the public company or its shareholders;

And, third, that in furtherance of the scheme, there occurred at least one use of any means or instruments of transportation or communication in interstate commerce or the use of the mails or any facility of any national securities exchange.

As to the first element, every director of a public company has a legal duty not to disclose to anyone outside the company "non-public information," such as financial or other confidential information about the company, that the company has not yet made public or authorized to be made public. *Directors of a public company have an obligation to place the welfare of the shareholders before their own. The law precludes a director of a public company from benefitting personally through the fraudulent use of material, nonpublic information that the director possesses because of his position at the public company.[11] In other words, the law prohibits a director of a public company, who has a fiduciary duty to the shareholders, from using material non-public information to the insider's advantage.[12]*

This confidential "inside information" is "material" if a reasonable investor would consider it important in deciding whether to buy or sell the stock of that company.

*Information is "non-public" if it is not available to the public through sources such as press releases, Securities and Exchange Commission filings, newspapers, magazines, television,*

---

[11]     *Chiarella* v. *United States*, 445 U.S. 222, 230 (1980).

[12]     *Dirks* v. *S.E.C.*, 463 U.S. 646, 654 (1983); *S.E.C.* v. *Ballesteros Franco*, 253 F.Supp.2d 720, 726 (S.D.N.Y.2003); *S.E.C.* v. *Gonzalez de Castilla*, 145 F.Supp.2d 402, 412 (S.D.N.Y.2001).

*radio, or other media.  In assessing whether information is non-public, the key word is*

*"available."  If information is available in the public media or in SEC filings, it is public.*

*However, the fact that information has not appeared in the newspaper or other widely available*

*public medium does not alone determine whether information is non-public.  Sometimes a*

*corporation is willing to make information available to securities analysts, prospective investors,*

*or members of the press who ask for it even though it may never have appeared in any*

*newspaper or other publication.  Such information would be public.  On the other hand, the*

*confirmation by an insider of unconfirmed facts or rumors — even if reported in a newspaper —*

*may itself be inside information.  A tip from a corporate insider that is more reliable and specific*

*than public rumors is non-public information despite the existence of such rumors in the media*

*or investment community.*[13]

In order to establish the first element in the context of this case, the Government must

prove, beyond a reasonable doubt, *(1) first, that Mr. Gupta possessed material, nonpublic*

*information regarding a publicly traded company; (2) second, that Mr. Gupta disclosed this*

*information to Rajaratnam in anticipation that it would be wrongfully used in connection with*

*the purchase or sale of securities; (3) third, that Rajaratnam or others at Galleon used the*

*information provided by Mr. Gupta, meaning that it was a factor, however small, in the decision*

*to purchase or sell the stock of the public company,*[14] *and (4) fourth, that, in return, Mr. Gupta*

---

[13]     Adapted from Judge Sullivan's charge in Zvi Goffer; the charge of the Hon.
Robert P. Patterson, Jr. in *United States* v. *Naseem*, 07 Cr. 610 (RPP) (S.D.N.Y. Jan. 31, 2008)
("*Naseem*"); Sand. Instr. 57-23; *see United States* v. *Cusimano*, 123 F.3d 83, 89 (2d Cir. 1997)
(information is non-public if it is more reliable or specific than public rumors).

[14]     *Chiarella* v. *United States*, 445 U.S. 222, 230 (1980); *Dirks* v. *S.E.C.*, 463 U.S.
646, 654 (1983); *S.E.C.* v. *Ballesteros Franco*, 253 F.Supp.2d 720, 726 (S.D.N.Y.2003); *S.E.C.*

18

*anticipated some kind of benefit, directly or indirectly, however modest. The benefit does not*

*need to be tangible and includes, for example, giving information to an outsider as a gift, out of*

*friendship, for maintaining a good relationship with a frequent business partner, or for*

*maintaining a useful networking contact.* [15]

As to the second element, the Government must prove beyond a reasonable doubt that

Mr. Gupta undertook this insider trading scheme knowingly, that is, consciously and voluntarily

rather than by mistake or accident or mere inadvertence, willfully, that is deliberately, and with a

bad purpose and with an intent to defraud, that is with an intent to cheat the public company.

As to the third element, the government must prove beyond a reasonable doubt that the

execution of the insider trading scheme involved at least one use of any instrumentality of

interstate commerce, such as the interstate telephone call or the mails or facility of a national

securities exchange such as a stock trade on the New York Stock Exchange.

In addition to the foregoing essential elements of the crime of securities fraud, in order to

convict on each count, you must also determine whether at least one act in furtherance of the

insider trading scheme occurred in the Southern District of New York. This is called establishing

venue. The Southern District of New York includes Manhattan. Unlike all other elements of the

---

v. *Gonzalez de Castilla*, 145 F.Supp.2d 402, 412 (S.D.N.Y.2001);

[15]     Adapted in limited part relating to benefit from Your Honor's charge in *Jiau*, at Tr. 1584, 1607, 1620-21; *Dirks* v. *S.E.C.*, 463 U.S. 646 (1983); L. Sand, et al., Modern Federal Jury Instructions - Criminal (2010) ("Sand"), Instr. 57-23 ("The Government can establish that the tipper personally benefitted from his disclosure to the defendant by showing that the tipper received some tangible benefit, or that the tipper would gain some future advantage or that the disclosure enhanced the tipper's reputation."); *S.E.C.* v. *Yun*, 327 F.3d 1263, 1280 (11th Cir. 2003) ("maintaining a good relationship" with a frequent business partner); *S.E.C.* v. *Sargent*, 229 F.3d 68, 77 (1st Cir. 2000) ("reconciliation with a friend and to maintain a useful networking contact").

offense which must be proved beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence.

Authority:      Adapted from Your Honor's charge in *Jiau*, at Tr. 1584-85 (except for statements in italics).

INSTRUCTION NO. 10

*Count One: Conspiracy to Commit Securities Fraud*

Count One charges the defendant with conspiring to commit securities fraud.  In order to meet its burden of proof with respect to this charge, the Government must first must prove beyond a reasonable doubt each of the following two elements:

First, the existence of a charged conspiracy, and second, that the defendant intentionally participated in this conspiracy during the applicable time period.

Starting with the first element, what is a conspiracy?  A conspiracy is an agreement or an understanding between two or more persons to commit one or more unlawful objects.  In this instance, the conspiracy is alleged to be an agreement to commit securities fraud between two or more of the following persons: Rajat K. Gupta; Raj Rajaratnam; Charlie Benzinger; Michael Cardillo; Ian Horowitz; John O'Connor; Timothy Pierotti; RK Rajaratnam; Gary Rosenbach; and Leon Shaulov.  The conspiracy to commit securities fraud is alleged to take the form of conspiracy to commit insider trading in the stock of either Goldman Sachs, Procter & Gamble, or Smucker's.  Specifically, it is a conspiracy to undertake a scheme that meets the essential elements of insider trading as I've already explained them to you in instruction nine.

*In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its objects or purposes, or every precise detail of the scheme or the means by which its objects or purposes were to be accomplished.  What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to*

21

cooperate with each other to violate the law and to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to violate the law has been established by direct proof. However, since a conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. In a very real sense, then, in the context of a conspiracy, actions often speak louder than words. In determining whether an agreement existed here, you may consider the actions and statements of all of those you find to be participants as proof that a common illegal design existed on the part of the participants to act together to accomplish an unlawful purpose.[16]

Please bear in mind that conspiracy is an entirely distinct and separate offense from actually engaging in the underlying object of the conspiracy, here, securities fraud. The actual commission of the object of a conspiracy is <u>not</u> an essential element of the crime of conspiracy. Rather, the conspirators must simply have <u>agreed</u> to commit securities fraud. You may find the defendant guilty of the crime of conspiracy even though the substantive crimes which were the object of the conspiracy were not actually committed. Congress has deemed it appropriate to make conspiracy standing alone a separate crime, even if the conspiracy is not successful.[17]

Although it is charged that the alleged conspiracy began in 2007 and continued through January 2009, it is not essential that the Government prove that the conspiracy started and ended on specific dates or that it existed throughout that period. Rather, it is sufficient to satisfy the first element that you find that in fact a conspiracy was formed and that it existed for any time within the charged period.

---

[16]     Adapted from Judge Sullivan's charge in *Zvi Goffer*.

[17]     From Judge Sullivan's charge in *Zvi Goffer*.

However, you must also find, in order to convict, that at least one act in furtherance of the conspiracy occurred in the Southern District of New York, which includes Manhattan. *The overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act may lose its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme.*[18] As mentioned previously, the element of venue need only be proved by a preponderance of evidence, while all other elements must be proved beyond a reasonable doubt.

If you conclude that the Government has proved beyond a reasonable doubt that the charged conspiracy existed, you must then consider whether it has also proved beyond a reasonable doubt that the defendant unlawfully, intentionally and knowingly participated in the conspiracy. Unlawfully, obviously, means contrary to law. But in terms of its application to the defendant's state of mind, the Government is not required to show that the defendant knew that he was breaking any particular law. The Government must prove, however, that the defendant was aware of the generally unlawful nature of his or her acts. Intentionally means here means to act deliberately and with a bad purpose, rather than innocently, and with an intent to defraud the company in question, either Goldman Sachs or Procter & Gamble. *A company's non-public financial information is a form of property. A corporate insider, such as a director, who intentionally discloses information in violation of the insider's duty of confidentiality has an intent to defraud.*[19] Knowingly means to act consciously and voluntarily, rather than by mistake

---

[18]    From Judge Sullivan's charge in *Zvi Goffer*.

[19]    Adapted from Your Honor's charge in *Jiau*, at Tr 1604-05 (in response to the jury's question about "intent to defraud," the Court gave the italicized instruction).

or accident or mere inadvertence.

If you find beyond a reasonable doubt that the defendant joined in the charged conspiracy and did so unlawfully, intentionally and knowingly, then the second element is satisfied.

In this regard, it is not necessary that the defendant be fully informed of all the details of the conspiracy in order to justify an inference of membership on his part. Nor does the defendant need to know the full extent of the conspiracy or all of its participants. Indeed, it is not necessary that the defendant know more than one other member of the conspiracy. Nor is it necessary that the defendant receive any monetary benefit from participating in the conspiracy *or have a financial stake in the outcome so long as he in fact participated in the conspiracy in the manner I have explained.*[20] What is necessary is proof beyond a reasonable doubt that the defendant intentionally joined in the conspiracy for the purpose of furthering its unlawful object.

The defendant also need not have joined the conspiracy at the outset. The defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined, as well as all that was done during the conspiracy's existence while the defendant was a member. Similarly, the law does not require that each conspirator have an equal role in the conspiracy. Even a single act may be sufficient to draw the defendant within the ambit of a conspiracy if it meets the essential requirements I have described.

However, I want to caution you that mere association or discussions without agreement by one person with another person does not make that first person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant, knowing the

---

[20]     From Judge Sullivan's charge in *Zvi Goffer*.

conspiracy's unlawful object, participated in some way in the conspiracy for the purpose of furthering that object.

In short, in order to convict on the conspiracy charge, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful character of the charged conspiracy intentionally joined and participated in the conspiracy for the purpose of furthering its unlawful object.

*A conspiracy, once formed, is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that that person withdrew and disassociated himself from it.[21]*

*When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. The reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions. If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy, then any acts done or statements made in furtherance of the conspiracy by members of that conspiracy may be considered against the defendant. This is so even if such acts were*

---

[21]     From Judge Sullivan's charge in *Zvi Goffer*.

*done and statements were made in the defendant's absence and without his knowledge.*[22]

Authority:     Adapted from Your Honor's charge in *Jiau*, at Tr. 1586-90 (additions italicized); and also adapted from Your Honor's charge in *Fleishman*.

---

[22]     Adapted from Judge Sullivan's charge in *Zvi Goffer*; *see United States* v. *Mastropieri*, 685 F.2d 776, 786-90 (2d Cir. 1982) (mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

INSTRUCTION NO. 11

Aiding and Abetting

In Counts Two through Six, the defendant is charged as an aider and abettor as well as a principal.  It is not necessary for the Government to show that the defendant actually committed the charged crime for you to find him guilty.  Thus, if you do not find beyond a reasonable doubt that the defendant committed the charged crime, you may, under certain circumstances, still find the defendant guilty of that crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself.  You may find the defendant guilty of Counts Two through Six if you find the Government has proved beyond a reasonable doubt that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the crime.

The first requirement is that another person has committed the crime charged.  In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that the defendant willfully and knowingly caused an act to be done to help the crime succeed.  Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.  It does not mean, however, that the defendant himself need have physically committed the crime or supervised or participated in the actual charged criminal conduct.

Moreover, the mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere

27

acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions: (1) Did the defendant participate in the crime charged as something he wished to bring about? (2) Did the defendant associate himself with the criminal venture  knowingly and willfully? and (3) Did the defendant seek by his actions to make the criminal venture succeed?  If the defendant did, then he is an aider and abettor, and is therefore guilty as an aider and abettor of the offense.  If the defendant did not, then he is not an aider and abettor, and is not guilty as an aider and abettor of the offense.


Authority:    Adapted from Judge Sullivan's charge in *Zvi Goffer*; adapted from Sand, Instrs. 11-1, 11-2.

28

INSTRUCTION NO. 12

Proof of Profit Not Necessary

It does not matter whether the alleged unlawful conduct charged in any of the counts was successful or not, or that the defendant profited or received any financial benefits as a result of the alleged scheme.  Success is not an element of any of the crimes charged.

Authority:    From Judge Sullivan's charge in *Zvi Goffer*; from Judge Patterson's charge in *Naseem*.

### III.  CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 13

*Selection of Foreperson; Right to See Exhibits and Hear Testimony;*
*Communications with the Court*

You will shortly retire to the jury room to begin your deliberations.  As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict.  In addition, we will send into the jury room all of the exhibits that were admitted into evidence.  If you want any of the testimony provided, that can also be done, either in transcript or read-back form.  However, because it is not always easy to locate what you might want, please try to be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the Marshal, who will be available outside the jury room throughout your deliberations.  After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.


Authority:      From Your Honor's charge in *Fleishman* (duplicated exactly).

<u>INSTRUCTION NO. 14</u>

*Verdict; Need for Unanimity; Duty to Consult*

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.  As I have already explained, the Government, to prevail on the charge against the defendant, must prove each essential element of that charge beyond a reasonable doubt.  If the Government carries this burden, you should find the defendant guilty.  Otherwise, you must find the defendant not guilty.

Your verdict must be unanimous.  In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.  If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered.  However, you should not hesitate to change an opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.


Authority:      From Your Honor's charge in *Fleishman* (duplicated exactly).

Dated: New York, New York
       May 14, 2012

                                        PREET BHARARA
                                        United States Attorney

                              By:       _____
                                        Reed Brodsky/Richard C. Tarlowe
                                        Assistant United States Attorneys
                                        Tel. (212) 637-2492/2330

32