Richard J. Davis, Esq.
415 Madison Avenue – 11th Floor
New York, New York 10017
(646) 553-1365



Docket as a Letter

December 27, 2012

Re:   *United States v. Rajat K. Gupta*, 11 Cr. 907 (JSR)

Dear Judge Rakoff:

    I am writing to reply to two points central to Goldman's claim that it is entitled to restitution.

    First, relying on *United States v. Amato*, 540 F.3d 153 (2d Cir. 2008), Goldman and the government contend that Goldman is entitled to all legal fees that were "a 'direct and foreseeable' result of [Gupta's] offense." (Goldman Mem. 5; *see* Govt. Mem. 5). In fact, *Amato* provides no support for this supposed standard. The issue in *Amato* was whether legal fees were potentially recoverable at all, that is, whether they were "other expenses" under the restitution statute, and the Court of Appeals held that they were. In so doing, however, the Court noted that "the plain language of the statute" – which Goldman does not even address – limits reimbursement to "necessary" expenses "incurred during participation in the investigation or prosecution of the offense." *Amato*, 540 F.3d at 160. The restitution award affirmed in *Amato* included expenses incurred in connection with an internal investigation. But the issue of whether internal investigative costs are permitted under the statute was not litigated by the parties, and the Court of Appeals thus did not consider the propriety of the restitution award in light of the limits provided by the language of 18 U.S.C. § 3663A(b)(4). (*See* Gupta Mem. 15 n.10).[1]

    Following *Amato*, and again relying on the statutory language, the Second Circuit in *United States v. Battista*, 575 F.3d 226 (2d Cir. 2009), affirmed a series of decisions by Judge

---

[1] Section 3663A(b)(4) provides, in its entirety, for reimbursement of "lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution *of the offense* or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4) (emphasis added). By its terms, the statute thus covers only those expenses, several of which are enumerated, incurred during participation in the investigation and prosecution of the specific criminal case – that is, the one resulting in conviction of "the offense." Also, whatever it may say as to costs of an internal investigation, *Amato* provides no support for recovery of expenses incurred in relation to a civil SEC case or a different criminal prosecution. Indeed, the *Amato* panel expressed doubt "whether the ['direct and foreseeable'] formulation [advanced by Goldman here] is appropriate when analyzing investigation and prosecution expenses under § 3663A(b)(4). Subsection (b)(4) seems to focus more on the link between these expenses and the victim's participation in the investigation and prosecution than on the offense itself." *Amato*, 540 F.3d at 162.

Amon in which she "meticulously parsed out the fees and costs submitted by the NBA in determining which expenses were associated with each defendant and whether they were incurred while assisting the government in ascertaining the extent of the criminal conspiracy and in preparing for Battista's criminal proceedings." *Id.* at 234. Goldman is simply wrong in claiming that "nowhere in *Battista* did the Second Circuit suggest that its ruling represented the outer limits of permissible restitution under the MVRA." (Goldman Mem. 8). In affirming Judge Amon's decision rejecting a portion of the "substantial attorneys' fees [incurred by the NBA] as a direct result of Battista's criminal acts," *Battista*, 575 F.3d at 234, the Court of Appeals squarely rejected the restitution standard advocated by Goldman:

> Notably, the district court rejected restitution for attorneys' fees not directly related to the assistance the NBA provided to the government in its investigation and prosecution of the criminal offenses committed by the defendants. The court agreed with the defendants that attorneys' fees associated with counseling the NBA on its public response to Donaghy's guilty plea were not recoverable as an "investigation cost" pursuant to 18 U.S.C. §§ 3663(b)(4), 3663A(b)(4). *See* 570 F.Supp.2d at 432. Indeed, this gambling scandal undoubtedly damaged the reputation of the NBA and had the potential to impugn the integrity of other referees in the league. Moreover, the conspiracy has called into question the legitimacy of the outcomes of the many games Donaghy refereed. Nevertheless, in contrast to the attorneys' fees discussed above and authorized by the district court, such damages, while certainly significant, were not associated with assisting the government in the investigation and prosecution of the defendants' criminal offenses, and thus, are not compensable under 18 U.S.C. § 3663(b)(4).

*Id.*[2] Given the ruling in *Battista*, Goldman's failure to submit any sworn declarations separating out those fees associated with assisting the government in the investigation and prosecution of

---

[2] As previously noted, the U.S. Attorney's Office argued, following the restitution order in *Amato* and shortly before that case was argued in the Second Circuit, that the correct standard under the statute is the one advocated by Mr. Gupta. It maintained that position after *Amato* was decided. (*See* Gupta Mem. 9-10 n.5).

Goldman incorrectly states that in *United States v. Donaghy*, 570 F. Supp. 2d 411 (E.D.N.Y. 2008), Judge Amon "found that while the NBA's investigation into other employees' conduct was not compensable, its costs in investigating the defendant's conduct *were* reimbursable." (Goldman Mem. 10 n.2 (emphasis in original)). In fact, the portion of Judge Amon's decision cited by Goldman relates not to an internal investigation but instead concerns the district court's apportionment of defendants' restitution obligations, including for fees incurred in investigating the defendants' conduct as part of the NBA's assistance to the government's investigation. *See Donaghy*, 570 F. Supp. 2d at 436-37; *see also id.* at 432 ("only foreseeable steps taken for the purpose of assisting the government in the investigation or prosecution of the offense . . . are recoverable pursuant to subsection (b)(4)").

Mr. Gupta's offenses of conviction from those fees which are not compensable requires that its restitution application be denied.[3]

Second, Goldman cites *United States v. Boyd*, 222 F.3d 47 (2d Cir. 2000), as purported support for its request for reimbursement of legal fees incurred in connection with charges of which Mr. Gupta was acquitted. But *Boyd* dealt with a different issue, whether a defendant in that case, Claire Peck, could be ordered to make restitution for damages suffered by all victims, including those named in a conspiracy count and substantive counts of which she was acquitted. The Court of Appeals held that "[i]t was not plain error for the district court to rely on *Pinkerton* liability to impose a restitution order making Peck liable for the reasonably foreseeable acts of all co-conspirators." *Id.* at 51. That is a far cry from this case, where a fair reading of the verdict, including the acquittals on the substantive counts relating to the March 2007 Goldman transaction and the January 2009 P&G transaction, indicates the jury found a conspiracy covering a limited period of time and excluding those events. (*See* Gupta Mem. 16 (citing *Donaghy*, 570 F. Supp. 2d at 426)).

Finally, Goldman claims that any effort to allocate its work to particular counts of the indictment or overt acts would be impractical because in some cases Goldman provided witnesses or categories of documents broadly applicable to the charged conspiracy. (Goldman Mem. 16). But some categories of assistance provided to the government are plainly related to time periods and transactions outside the conspiracy found by the jury. And to the extent other categories are more general, the Court may make a reasonable allocation. In any event, Goldman has the burden of establishing, by the submission of appropriate sworn statements and accompanying documentation, which of its legal fees are recoverable under the statute.

Respectfully submitted,

Richard J. Davis

Richard J. Davis

Cc: Richard C. Tarlowe, Esq. (by e-mail)
Steven R. Peikin, Esq. (by e-mail)

---

[3] Goldman's statement that, after it provided billing records and hourly rates, Mr. Gupta never requested further information (Goldman Mem. 4, 22), is both incomplete and beside the point. Earlier, Mr. Gupta asked that Goldman parse out the categories reflected in the billing records but it declined to do so. In any event, Goldman, not Mr. Gupta, has the burden of breaking out and explaining the basis for assertedly recoverable fees, and Goldman simply has not met that burden.

- 3 -