```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :    11 Cr. 907 (JSR)
          -v-                       :
                                    :    ORDER
RAJAT K. GUPTA,                     :
                                    :
          Defendant.                :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

    On June 15, 2012, defendant Rajat Gupta was found guilty by a jury of one count of conspiracy and three counts of substantive securities fraud, in connection with providing material non-public information to Raj Rajaratnam. On October 24, 2012, this Court sentenced Mr. Gupta to two years of imprisonment, to be followed by one year of supervised release. That same day, on consent of the Government, the Court set January 8, 2013 as Mr. Gupta's surrender date, released him on bail until that date, and continued the terms of release originally set at his arraignment, which included prohibiting him from traveling outside the continental United States. See Transcript, Oct. 24, 2012 ("Tr."), at 58-59; see also ECF Dkt. No. 9, Oct. 26, 2011. At the same time, the Court denied bail pending appeal (i.e., release beyond his surrender date of January 8, 2013), see Tr. at 69; but on December 6, 2012, the Second Circuit ruled that "the conditions of release established by the District Court shall remain in full force and effect during the pendency of [Gupta's expedited]

appeal." *United States v. Gupta*, No. 12-4448, Dkt. No. 50 (2d Cir. Dec. 6, 2012).

The defendant now moves, by letter dated February 13, 2014, to modify these conditions so as to permit him to travel to Delhi, India, from February 27, 2014 to March 10, 2014, in order to attend his nephew's wedding. The Government, by letter dated February 18, 2014, opposes this request. (Both letters will now be docketed.)

After considering the parties' submissions, the Court denies defendant's motion.

To prevail on the instant motion, Gupta must show, by clear and convincing evidence, that if the Court were to allow him to travel to India, it would not create a risk of flight. *See, e.g., United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004); 18 U.S.C. § 3143(b). While the Court is sympathetic to Mr. Gupta's desire to be at his nephew's wedding,[1] and while the Court has previously held that Mr. Gupta, if confined to the United States, presents a low flight risk, *see* Tr. at 67-68, the risk of flight would materially increase if he were permitted to go to India at this time.

---

[1] Although the Government does not contest that Mr. Gupta's attendance at this wedding would be "meaningful," no one claims that it is compelled by dire circumstances or that the wedding will not go forward in Mr. Gupta's absence.

2

At this point, the only thing that stands between Mr. Gupta and his imprisonment is his pending appeal, which, having been fully argued, is likely to be decided shortly. Mr. Gupta's motivation to flee is therefore inherently strong at this juncture. India would be the ideal place for him to flee. He has immense ties to that country and more than significant assets with which to maintain a comfortable life there. If his application were granted, he could enter India lawfully, with excellent opportunities to delay extradition for years or avoid it altogether.[2] His family, all of whose members have close ties to India, could readily visit him there or even relocate there.

The Court has independently considered whether any additional conditions could materially reduce this enhanced risk of flight, but finds that no condition or set of conditions would adequately do so. Accordingly, for the foregoing reasons, the Court hereby denies defendant's motion to modify his release conditions to permit him to travel to India.

SO ORDERED.

Dated: New York, New York
February 2), 2014

JED S. RAKOFF, U.S.D.J.

---

[2] Although the defendant has offered to sign a waiver of extradition, the Court can take judicial notice of the immense delays attending the execution of even the simplest judicial acts in India. *See, e.g., Indian PM Plea on Justice Backlog*, BBC (Aug. 17, 2009), http://news.bbc.co.uk/2/hi/south_asia/8204607.stm ("Official figures show that more than 30 million cases are pending in Indian courts — some since 1950.").

3