UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| -v.- | : | S1 11 Cr. 907 (JSR) |
| RAJAT K. GUPTA, | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPPOSITION TO PETITIONER'S MOTION FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

PREET BHARARA
United States Attorney
Southern District of New York
One St. Andrews Plaza
New York, New York 10007

Damian Williams
Assistant United States Attorney
- Of Counsel -

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Slack* v. *McDaniel*,
529 U.S. 473 (2000) ....................1

*United States* v. *Gupta*,
747 F.3d 111 (2d Cir. 2014) ....................2

*United States* v. *Newman*,
773 F.3d 438 (2014) ....................1

**STATUTES**

Title 28, United States Code, Section 2253 ....................1

**OTHER AUTHORITIES**

Petitioner's Motion for Issuance of a Certificate of Appealability....................2

## Preliminary Statement

Three years after being convicted at trial, Rajat K. Gupta ("Gupta") seeks to continue litigating a question that is not now and has never been debatable: Whether he violated the securities laws by repeatedly tipping his longstanding business associate, Raj Rajaratnam ("Rajaratnam"), with material non-public information that Rajaratnam used to reap millions of dollars in profits and avoid millions of dollars in losses. In rejecting Gupta's recent motion for post-conviction relief, which argued that the Court's jury instruction concerning the "personal benefit" element of insider trading was erroneous under *United States* v. *Newman*, 773 F.3d 438 (2d Cir. 2014), this Court concluded that it was "obvious from the very nature of the tips" that Gupta's tips "were part of an exchange that was 'objective, consequential, and represents at least a potential gain of a pecuniary or similarly valuable nature.'" (Mem. Order at 7.) In other words, when it comes to Gupta's guilt, *Newman* changes nothing. Because no reasonable jurist would find this Court's assessment debatable or wrong, Gupta is not entitled to a certificate of appealability.

## Discussion

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack* v. *McDaniel*, 529 U.S. 473, 484 (2000). When a habeas petition is denied on procedural grounds, and a district court has not reached the merits, a certificate of appealability should issue if "the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478.

The Court's July 2, 2015 memorandum order correctly found that Gupta's petition for post-conviction relief was both "too late," (that is, procedurally defaulted) and "too little" (that is, insufficient on the merits). (Mem. Order at 2; *id.* at 8-9 ("It is thus clear even on Gupta's own reading of *Newman*, let alone on the reading this Court gives it, that Gupta cannot satisfy any part of his claim.").) Accordingly, under *Slack*, in order to obtain a certificate of appealability, Gupta must establish that the Court's procedural and merits rulings were both "debatable." That, he cannot do. As the Government argued in its opposition to Gupta's habeas petition (arguments that will not be repeated here), there is no permissible reading of *Newman* and the record evidence that exonerates Gupta.

This Court agreed. After dispensing with Gupta's procedural default argument (Mem. Order at 2-6), the Court dedicated the balance of its opinion to explaining why "the proof at trial easily satisfied even Gupta's view of *Newman*" (*id.* at 6). The Court's recitation of Gupta's substantial, ongoing business entanglements with Rajaratnam leaves no doubt that Gupta stood to benefit financially from his illegal tips. (*See, e.g.*, *id*. at 7 (remarking that the "objective, consequential" and "pecuniary" nature of Gupta's tips "was obvious from the very nature of the tips"); *id.* (concluding that Gupta's potential pecuniary benefit was "clearly present"); *id.* at 8 (noting the "mutually beneficial and *quid pro quo* nature of [the Gupta-Rajaratnam] relationship"). The Court's reading of the record is not controvertible; in fact, the Second Circuit summarized Gupta's "several business ventures" with Rajaratnam in a similar fashion. *See United States* v. *Gupta*, 747 F.3d 111, 121 (2d Cir. 2014) (discussing, among other things, Gupta's ties to Voyager, New Silk Route, Galleon Global and Galleon International). Gupta therefore stands alone in believing that the trial proof

merely established a "pure relationship" theory of benefit. (*See* July 24, 2015 Mot. for Certificate of Appealability at 2, 4, 6, 7.)

In sum, on this record, no reasonable jurist would find Gupta's post-*Newman* guilt "debatable." His petition for habeas relief therefore was properly denied, and the Government respectfully submits that his ongoing challenge to the jury's well-founded verdict should now end.

**CONCLUSION**

For the reasons set forth above, the Court should deny Gupta's motion for the issuance of a certificate of appealability.

Respectfully submitted**,**
PREET BHARARA
United States Attorney
Southern District of New York

By: ______________________
Damian Williams
Assistant United States Attorney

Dated: New York, New York
July 31, 2015